UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____–Civ–_____/_____

EMMANUEL VICKERS,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,
A LIBERIAN CORPORATION,

    Defendant.
_____/

## COMPLAINT

Plaintiff, EMMANUEL VICKERS, sues Defendant, ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN CORPORATION, and alleges:

1. This is a personal-injury/negligence action brought by a cruise-ship passenger against a cruise line.

2. This case falls within the Court's diversity-of-citizenship jurisdiction because:

    (a) the Plaintiff is a citizen of New York,

    (b) the Defendant is a corporation incorporated under the laws of the Republic of Liberia, and the Defendant's principal place of business is in Florida, and

    (c) the amount in controversy, without interest and costs, exceeds $75,000.

3. This case has been filed in this district because the cruise ticket contains a forum-selection clause that says that actions such as this may be filed only in Miami, in the United States District Court for the Southern District of Florida.

4. The Plaintiff has performed all conditions precedent to be performed by the

Plaintiff or the conditions have occurred.

5. On or about May 24, 2018, the Plaintiff was a fare-paying passenger aboard *Symphony of the Seas,* a cruise ship owned and operated by the Defendant.

6. At that time and place the Defendant owed the Plaintiff a duty of reasonable care.

7. At that time and place, the Defendant breached its duty of care in one or more of the following ways, causing the Plaintiff to slip and fall and injure himself in his cabin's bathtub and shower:

(a) The Defendant failed to ensure that the floor of the bathtub/shower was sufficiently slip-resistant.

(b) The Defendant failed to provide a non-slip bathtub mat.

(c) The Defendant failed to provide passengers such as the Plaintiff with adequate hand rails or hand grips or some similar system that would give passengers something secure to hold onto in the bathtub/shower.

(d) The Defendant failed to ensure that the crew members who clean the bathtubs did not use cleaning supplies that leave a residue that makes the bathtub slippery when wet.

(e) The Defendant caused this hazard, or the Defendant knew about this hazard or the hazard had existed for a sufficient length of time that the Defendant should have known of it, or the condition occurred with regularity and was therefore foreseeable.

(f) The Defendant failed to warn the Plaintiff that the bathtub/shower floor would become dangerously slippery when wet.

(g) The Defendant gave the Plaintiff substandard medical care after his accident.

(h) The Defendant breached its duty in other ways to be determined during discovery.

8. As a result of the Defendant's negligence, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000 in damages, and costs, and the Plaintiff demands a jury trial.

Dated: May 16, 2019.

Respectfully submitted,
**David W. Singer**
David W. Singer (Florida Bar No. 306215)
E-mail: dsingeresq@aol.com;
pwalsh@1800askfree.com
bkanaly@1800askfree.com
rvasquez@1800askfree.com
David W. Singer & Assoc., PA
1011 South Federal Highway
Hollywood, FL 33020
Tel.: (954) 920-1571
Attorney for Plaintiff